UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:01-CR-49 |
| | ) | |
| KENNETH SHEARER | ) | |

## OPINION AND ORDER

Before the court are two motions filed on December 12, 2005 by Defendant Kenneth Shearer

("Shearer"), *pro se.*  The first motion, captioned "Motion for Reconsideration of Sentence" seeks

to vacate his sentence because he contends that it is an unreasonable sentence.[1]  The second motion,

captioned "Motion to Re-Open Time To Appeal," seeks just that, an extension of the appellate time

so that he may appeal his sentence.  For the following reasons, the Motion to Reopen Time for

Appeal will be DENIED and the Motion for Reconsideration will be DENIED as MOOT.  The

sentence will be VACATED and the case shall be reset promptly for re-sentencing as set forth

herein.

## Background

A complete recitation of the facts underlying Shearer's conviction can be found in the

Seventh Circuit's opinion, *United States v. Shearer*, 379 F.3d 453, 455 (7th Cir. 2004), and this

court's prior sentencing memorandum dated October 17, 2003.  For present purposes, it suffices to

know that a jury convicted Shearer of violating 18 U.S.C. §§842(a)(1), 844(a)(1), and 2, dealing in

explosive materials without a license (Count 1); 49 U.S.C. §§5104(b), 5124, and 18 U.S.C. §2,

---

[1]On January 20, 2006, Shearer filed an  "Amendment to Original Motion for Reconsideration of
Sentence" wherein he adds a challenge to his sentence under *Blakely v. Washington*, 124 S.Ct. 2531
(2004) and *United States v. Booker/Fanfan*, 125 S.Ct. 738 (2005).

tampering with marking, label or placard required on hazardous material (Count 2); and 18 U.S.C. §§842(a)(3)(A), 844(a)(1), and 2, receiving explosive materials in interstate commerce (Counts 3 and 4). Shearer was sentenced to 80 months imprisonment, a mid-guideline range sentence. Much of this 80 month sentence was due to Shearer's criminal history and various enhancements found by the undersigned to be present in his case.

On appeal, the conviction was affirmed, *Shearer*, 379 F.3d 453, but the case remanded for resentencing in light of the holdings in *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and the Seventh Circuit's decision in *United States v. Booker,* 375 F.3d 508 (7th Cir. 2004) ("Booker I"). Given that Certiorari had been granted in the *Booker* case, the undersigned stayed the resentencing proceedings until the Supreme Court's pronunciation in *United States v. Booker/Fanfan*, 125 S.Ct. 738 (2005) ("Booker II").

Thereafter, on April 22, 2005, the court held an evidentiary hearing relating to the resentencing. In that hearing, Shearer, through counsel, sought a reduction from the original sentence of 80 months to a sentence closer to the 15-21 months he would have received absent the enhancements. In addition, Shearer asserted that the factors listed in 18 U.S.C. §3553(a) mitigate in favor of a non-guidelines sentence. On July 18, 2005, the undersigned held a sentencing hearing wherein Shearer was resentenced to 70 months imprisonment, a low-end sentence. At the time of sentencing, the undersigned entered a written order detailing the resolution of the arguments made at the evidentiary hearing and in briefs. However, in neither the written order nor in his comments at resentencing did the undersign re-advise Shearer of his right to appeal his sentence. Shearer did not file an appeal but instead, seeks now to reopen the time to file such an appeal on the basis that the court erred in failing to advise him of his appellate rights. In a separate filing, Shearer also seeks to vacate the sentence and/or reargue the issue of the sentence itself, making many of the same

objections that were made on his behalf at the resentencing.  The court turns now to his motions.

## Discussion

Turning first to the issue of reopening the appeal time, it is clear that Shearer did not file a timely notice of appeal nor has he attempted to file a belated one.  Pursuant to Fed.R.App.P. 4(b), a notice of appeal in a criminal case must be filed within 10 days of the entry of judgment.  Rule 4(b)(4) permits a district court, upon a finding of excusable neglect or good cause, to extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4(b). *See* Fed.R.App.P. 4(b)(4).  In this case, Shearer seeks an extension beyond the 30 days authorized in Fed.R.App.P. 4(b)(4) and, thus, this court is without authority to extend the appellate time further.  *United States v. Hirsch,* 207 F.3d 928, 930 (7th Cir. 2000) (citing Rule 26(b)(1) of the Appellate Rules of Procedure).  Thus, Shearer's Motion to Reopen the Appeal Time is hereby DENIED.

Nevertheless,  Shearer argues that the undersigned failed to inform him of his right to appeal his sentence at the resentencing hearing as is required pursuant to Fed.R.Crim.P. 32(j)(1)(B) and thus, this was error requiring the court to extend the time for appeal.[2]  As noted above, the court has no authority to extend the appeal time beyond 40 days.  But, w hat this court does have authority to do, assuming that Shearer's representation is accurate,  is to vacate the sentence and order that he be resentenced and properly advised of his appellate rights to permit him to take a timely appeal. *See United States v. Drummond*, 903 F.2d 1171, 1172 n. 2 (8th Cir. 1990) ("The procedure for reinstating the right to appeal is to vacate the sentence and remand to the trial court for resentencing

---

[2]In 2002, Fed.R.Crim.P. 32 was substantially amended and reorganized.  The requirement that the court advise the defendant at sentencing of his right to appeal his sentence is presently found in Fed.R.Crim.P. 32(j)(1)(B).  However, prior to the reorganization, the requirement could be found in Fed.R.Crim.P. 32(a)(2).

of the defendant).

Federal Rule of Criminal Procedure 32(j)(1)(B) requires the court to advise a defendant of his right to appeal his sentence. In particular, that rule provides "[a]fter sentencing – regardless of the defendant's plea – the court must advise the defendant of any right to appeal the sentence." *Id.* "The requirement that the district court inform a defendant of his right to appeal serves important functions." *Peguero v. United States*, 526 U.S. 23, 26-27 (1999). Indeed, as the Supreme Court has noted:

> It will often be the case that, as soon as sentence is imposed, the defendant will be taken into custody and transported elsewhere, making it difficult for the defendant to maintain contact with his attorney. The relationship between the defendant and the attorney may also be strained after sentencing, in any event, because of the defendant's disappointment over the outcome of the case or the terms of the sentence. The attorney, moreover, concentrating on other matters, may fail to tell the defendant of the right to appeal, though months later the attorney may think that he in fact gave the advice because it was standard practice to do so. In addition, if the defendant is advised of the right by the judge who imposes sentence, the defendant will realize that the appeal may be taken as of right and without affront to the trial judge, who may later rule upon a motion to modify or reduce the sentence. Advising the defendant of his right at sentencing also gives him a clear opportunity to announce his intention to appeal and request the court clerk to file the notice of appeal, well before the 10-day filing period runs.

*Id.*

Here, the transcript discloses that the undersigned did not advise the defendant of his appellate rights to challenge the sentence nor did the written Order entered at the sentencing. Thus, the court violated Fed.R.Crim.P. 32(j)(1)(B). However, a violation of Rule 32(j)(1)(B), does not entitle a defendant to collateral relief in all circumstances. In *Peguero,* the Court clarified "[o]ur precedents establish, as a general rule, that a court's failure to give a defendant advice required by the Federal Rules is a sufficient basis for collateral relief only when the defendant is prejudiced by the court's error." *Peguero*, 526 U.S. at 27. Thus, the question before the court is whether Shearer has suffered prejudice from the court's error thereby justifying resentencing.

In *United States v. Scheiner*, 873 F.Supp. 927 (E.D.Pa. 1995), the court, as is the case here, failed to alert the defendant of his right to appeal his sentence after sentencing.  There, the court found no prejudice and held that resentencing was not required:

> Though the defendant was not advised of his right to appeal his sentence after his sentencing, he was in fact advised of his right to appeal his sentence approximately two months before his sentencing at his change of plea hearing.

*Id.* at 931.  In concluding that no resentencing was necessary, the court noted that "ordinarily, a violation of Rule 32[(j)(1)(B)] requires resentencing of the defendant," *Id.*  However, in cases "[w]here notice of the appeal rights is placed on the record in a formal judicial proceeding prior to sentencing and the interval between that proceeding and the sentencing is of a brief enough duration to ensure beyond a reasonable doubt that the notification will be fresh in the mind of the defendant at the time of sentence," no prejudice will be deemed to have occurred and no new sentencing is required.  *Hoskins v. United States*, 462 F.2d 271, 274 (3d Cir. 1972).

In this case, the last time Shearer was advised of his appellate rights was at his initial sentencing in November 2003.  Clearly, Shearer was aware of his right to appeal then since he, in fact, did so and proceeded to have his case remanded for resentencing.  The problem here, however, is that the resentencing occurred nearly two years later.[3]  Under these circumstances, the court cannot say with any certainty that the passage of two years from the last notification of his appellate rights would make those rights "fresh in the mind of the defendant at the time of sentence" so as to conclude that prejudice has not occurred.  As a result, the court has no alternative but to vacate the sentence and schedule the case for resentencing.

---

[3]This delay was neither the fault of the parties nor the court.  The parties agreed, as it was prudent to do so, to await the holding in *Booker II*, before proceeding to a resentencing hearing.  Thereafter, the defendant was entitled to, and did, make renewed objections to his guidelines range in the presentence investigation report.

**<u>Conclusion</u>**

Based on the foregoing, the Defendant's Motion to Reopen Time for Appeal is DENIED.

The sentence is hereby VACATED and shall be set for resentencing pursuant to a separate minute

entry.  The Motion for Reconsideration of Sentence is DENIED as MOOT.

Entered: This 17th day of March 2006

s/ William C. Lee
United States District Court
Northern District of Indiana
