UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:01-CR-49 |
| | ) | |
| KENNETH SHEARER | ) | |

**OPINION AND ORDER**

Presently before the Court is Defendant Kenneth Shearer's ("Shearer's") *pro se* Motion for Early Termination of Supervised Release filed on June 2, 2011. [DE 179] On the same day, the undersigned entered an Order directing Shearer's Probation Officer to provide a report within thirty (30) days outlining whether, in his opinion, Shearer's Motion had merit. [DE 178]. Upon receipt of the Probation Officer's report on June 24, 2011, the Court ordered the Clerk to provide the report to Shearer and give him the opportunity to respond. [DE 180]. Shearer then, this time by counsel, filed a "Second Motion for Early Termination." [DE 182]. On August 9, 2011, the Probation Officer filed a Supplemental Supervision Report. Thereafter, the Government filed a response objecting to Shearer's motion on August 11, 2011. Shearer did not reply. For the following reasons, the Court DENIES Shearer's Motion.

On June 20, 2002, Shearer was convicted of violating 18 U.S.C. §§842(a)(1), 844(a)(1), and 2, dealing in explosive materials without a license (Count 1); 49 U.S.C. §§5104(b), 5124, and 18 U.S.C. §2, tampering with marking, label or placard required on hazardous material (Count 2); and 18 U.S.C. §§842(a)(3)(A), 844(a)(1), and 2, receiving explosive materials in interstate commerce (Counts 3 and 4). All of these counts related to his operation of a retail consumer fireworks store, All American Professional Fireworks. Shearer was originally sentenced to 80 months which was

1

later amended to 70 months. (Docket #144).

Shearer is presently on supervised release and is scheduled to successfully complete his supervision on March 19, 2012. He now seeks early termination of his supervised release to enable him to open a small business selling light bulbs. According to Shearer's filings, his business would require frequent out-of-district travel and he expresses concern that remaining on supervision would hinder that travel. Shearer is also under the impression that he must provide three weeks advance notice of intent to travel which he believes is impractical for his business. He further indicates that he has fully paid his fine and has complied with his all other aspects of his supervision.

In his original report to the Court, the Probation Officer sets out in his report that Shearer has, indeed, been compliant, although "his compliance does not rise to the level of exceptional" during his term of supervision. The officer also notes that Shearer has not maintained employment as required due to an injury. The Probation Officer further notes that he explained to Shearer that restrictions for work-related travel are minimal and there is no three week advance permission requirement and, in the case of extended travel, a two week notice is preferred but a more expedited time-frame exists when the travel is for work-related purposes. Further, given that Shearer is attempting to open a new business venture and his underlying conviction relates to his misfeasance in his last business venture, the Probation Officer recommends against termination of supervised release.

In response to this initial report, Shearer's counsel asserts that out-of-district travel including foreign travel, in particular, travel to China is absolutely critical to his business venture. Shearer provides some business documents such as a commercial invoice, packing list, ocean bill of lading, and a photograph of his product to demonstrate to the Court that he does have an ongoing and viable

2

business concern. Shearer also argues that his probation status prevents him from obtaining a passport. Finally, Shearer's counsel represents that "Federal Probation Officer Sturdivant expressed to Counsel that, aside from the concerns previously express to the Court, he is not otherwise opposed to the Court granting Defendant's request for early release [from supervision]." (Docket Entry 182, p. 2 ¶7).

In its filing, the Government opposes Shearer's motion noting that both the Probation Officer's initial report and in the supplemental report, the Probation Officer does not recommend early termination of release. Specifically, in the supplemental report, the Probation Officer notes that Shearer has not provided any written verification of any meetings or business arrangements he needs to attend to "with any entity in China or elsewhere regarding his business." (Supp. Report p. 2). Further, the Probation Officer writes that the representation from counsel that the officer is "not otherwise opposed" to the Court's granting of Shearer's motion "has never been the position of this officer" and that "to this date, I have learned nothing different in the offender's situation to alter my recommendation..." *Id.* Thus, the Government argues that there is simply no factual basis for the Court to grant Shearer's request and requests that the Court follow the recommendations of the Probation Officer by denying Shearer's request.

The undersigned has reviewed the filings and documents submitted by Shearer. As the Probation Officer notes, there is nothing provided to the Court that confirms Shearer's statements that foreign travel is currently scheduled or even necessary for the operation of his business. In his supplemental report, the Probation Officer notes that his initial contact with Shearer on this topic of his business venture related only to domestic travel to Ohio, Michigan, Indiana, and possibly Pennsylvania. Thus, it appears that Shearer can, in fact, operate his business for the next five

3

months that he remains on supervised release, without travel to China. Moreover, the undersigned is certainly not inclined to believe Shearer is being truthful in his representations to the court without independent corroboration given that the undersigned specifically found during the sentencing in the underlying case that "Shearer willfully fabricated a story on the witness stand in an attempt to mislead the jury and the court as to the circumstances material to his guilt." *United States v. Shearer*, 302 F.Supp.2d 884, 900 (N.D. Ind. 2003). Additiionally, given the Probation Officer's statements in his reports, Shearer's representations, through counsel, that the Probation Officer did not oppose the early termination of early release further give the court pause in granting Shearer the relief he seeks. Accordingly, Shearer's Motions for Termination of Supervision are hereby DENIED.

## **Conclusion**

Based on the foregoing, Shearer's *pro se* Motion for Termination of Supervised Release [DE 179] and his Second Motion for Termination of Supervised Release [DE 182] are both DENIED. Entered This 5th day of October, 2011

s/ William C. Lee
United States District Court

4